253 P.2d 341

**JOHNSON v. CRANE CO.**

No. 5515.

Supreme Court of Arizona.

Feb. 16, 1953.

V. L. Hash and Virginia Hash, of Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, and Rex H. Moore, of Phoenix, for appellee.

WINDES, Justice.

Appellant, a plumbing contractor, purchased plumbing supplies from appellee. Appellee charged against him two per cent sales tax under the Excise Revenue Act of 1935 as amended. Of the supplies so purchased eighty per cent thereof were used by appellant in fulfilling contracts or subcontracts. Appellant refused to pay the tax on such purchases so used. The trial court ordered judgment for the appellee.

By proper assignments of error the question is here presented whether under said Excise Revenue Act appellee properly charged the two per cent tax for that portion of the articles used by him in performing his contracts. This in turn presents the question whether one selling to the contractor or subcontractor for such purpose is selling at retail and must pay the tax or whether it is a sale for resale. It is contended by appellant that it is a sale for resale and if this position were sound appellant could not be charged with the tax.

The last expression from this court was in the case of Duhame v. State Tax Commission, 65 Ariz. 268, 179 P.2d 252, 259, 171 A.L.R. 684, where this court definitely, clearly and finally held that such a sale was not for resale and that selling to a contractor under such circumstances was a retail sale upon which the two per cent tax must be paid. In so holding the court said:

"When a contractor fabricates his materials for the contractee, and the completed structure is erected on the owner's land, it is as much real property as the land itself. The constituent elements of tangible personal property have been destroyed by their incorporation into the completed structure. And such a contractor, therefore, is not making a sale of tangible personalty to his contractee."

It necessarily follows that appellant did not purchase the materials involved herein for a resale. It is suggested that the ruling to this effect in Duhame v. State Tax Commission, supra, is dicta but it was an essential ruling to dispose of the case. It is also suggested that there is some distinction between such a sale to a subcontractor rather than to the contractor but we fail to see any distinction.

Appellant cites Chapter 100, Session Laws 1952, amending Section 73–1329, A.C.A. 1939, so as to exempt sales of personal

property to contractors for use in the performance of their contracts from the category of retail sales. Since the sales involved herein were made prior to the passage of said Chapter 100, the principles announced in Duhame v. State Tax Commission, supra, are controlling.

Judgment affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.